## RUSSELL v. WYLLY.

(Supreme Court, Appellate Term.   November 12, 1909.)

WORK AND LABOR (§ 29*)—EFFECT OF CONTRACT—AMOUNT OF RECOVERY.
 Where defendant allowed the work sued for to be done on plaintiff's agreement that the charges would be less than $6 per day, defendant impliedly agreed to pay the reasonable value of the work, calculated at a rate of less than $6 per day.
 [Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 57; Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Samuel H. Russell against Thomas S. Wylly, Jr. From a judgment for plaintiff, defendant appeals. Affirmed, on condition that plaintiff remit a part of the judgment.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Julian Hartridge, for appellant.
Harry C. Kayser, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J. The plaintiff claims for the value of work, labor,. and materials furnished to the defendant. It appears that the defendant, desiring to have certain furniture repaired, asked the plaintiff what the cost would be. The plaintiff offered to do the work at the defendant's residence for $6 per day and the value of the materials. The defendant said that he could not afford to pay this amount, but when the plaintiff told him that it would be cheaper if sent to the factory, and that, while he could not make a definite price, the price would be satisfactory, the defendant agreed to send the furniture to the factory.

Under these circumstances, the defendant must be held to have impliedly agreed to pay the reasonable value of the work, labor, and materials furnished; but the proof of the reasonable value should be based upon the work done, calculated at a rate of less than $6 a day. The plaintiff testified as to the time spent upon the work, and introduced in evidence certain time cards. These cards show 282 hours devoted to this work. The plaintiff has based his estimate of value at 60 cents an hour. Therefore the plaintiff has shown the value of the labor to be $169.20. There is also some testimony as to the value of materials at $12.50, a disbursement for repairing a clock at $3.50, and leather for a desk at $3, making a total of $188.20. The plaintiff has claimed in his bill of particulars the additional amount of $43.50; but I find no proof in the case which would sustain a judgment for this additional amount. It is true that the plaintiff and his foreman both made a general statement that the reasonable value of the repairs was in accordance with the bill of particulars; but they based their statement upon their earlier testimony describing the work. If all their work was included in their testimony, then their estimate of value is erroneous; if not included, then their estimate was without proper foundation.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the plaintiff will stipulate to reduce the judgment by the amount of $43.50, in which event the judgment is hereby modified accordingly, and, as modified, affirmed, without costs to either party. All concur.